# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MANUEL GARZA AND** | § | CIVIL CASE NO. _____ |
| **SORINA GARZA** | § | |
| *PLAINTIFFS* | § | |
| | § | |
| V. | § | HONORABLE JUDGE_____ |
| | § | |
| **FIDELITY NATIONAL** | § | |
| **PROPERTY** | § | |
| **AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *DEFENDANT* | § | MAGISTRATE JUDGE _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes MANUEL GARZA AND SORINA GARZA who, for the following reasons, bring the instant complaint

against FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and state as follows:

## NATURE OF THE ACTION

1. This is a civil complaint by Manuel Garza and Sorina Garza (hereinafter referred to as "Plaintiffs") against their insurer, Fidelity National Property and Casualty Insurance Company (hereinafter referred to as "FIDELITY") to enforce their rights under a flood insurance policy issued by FIDELITY.

2. On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiffs' residential property in Galveston, Texas. Plaintiffs have submitted a claim under their policy issued by FIDELITY but FIDELITY has refused to fully pay Plaintiffs' claim.

## THE PARTIES

3. Plaintiffs are a married couple and Texas citizens residing at 5706 Avenue T, Galveston, Texas 77551.

4. FIDELITY is an insurance company incorporated under the laws of the State of New York with its principal place of business at 601 Riverside Avenue, Building 5, Jacksonville, Florida 32204. FIDELITY is engaged in the practice of insurance in the State of Texas. FIDELITY may be served with process by

certified mail, return receipt requested through its agent for service in Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiffs assert that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP. Also, because Plaintiffs are citizens of Texas and FIDELITY has its principal place of business in Florida, and because the amount in controversy exceeds seventy-five thousand dollars [$75,000.00], exclusive of interests and costs and without

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

considering counterclaims, this Court has diversity jurisdiction over the subject matter of this case pursuant to *28 U.S.C. § 1332*.

6. As more fully explained below, the action involves a contract to insure Plaintiffs' residential property located at 5706 Avenue T, Galveston, Texas 77551, against flood damage. The contract for flood insurance was made in Galveston, Texas, was to be performed there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7. FIDELITY issued Flood Insurance Policy no. 42-7701405649-01 (hereinafter referred to as the "Fidelity Policy") to Plaintiffs. The Fidelity Policy provided coverage for flood damage to Plaintiffs' residential property in Galveston, Texas and was effective for the period of March 28, 2008 to March 28,

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

2009. The Fidelity Policy provided one hundred fifty-eight thousand dollars [$158,000.00] in coverage for Plaintiffs' dwelling and ninety-four thousand eight hundred dollars [$94,800.00] in coverage for Plaintiffs' contents. The Fidelity Policy had a combined deductible of one thousand dollars [$1,000.00].

8. The Gross Annual Premium for the Fidelity Policy was six hundred sixty-two dollars [$662.00]. Plaintiffs timely paid the premium for the Fidelity Policy.

9. The Fidelity Policy insures residential property located at 5706 Avenue T, Galveston, Texas 77551. Plaintiffs are the named insured on the Fidelity Policy.

10. On September 13, 2008, while the Fidelity Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of a residential dwelling and its contents.

11. As a result of the flooding during Hurricane Ike, the dwelling and its contents were damaged or destroyed. The flood damage to the dwelling and its contents is a covered loss under the Fidelity Policy.

12. Plaintiffs reported the loss and damage to FIDELITY in a timely fashion and properly discharged the reporting obligations under the Fidelity Policy.

13. On or about November 5, 2008, an estimate of loss and proof of loss was completed by FIDELITY's adjuster Jami Hooker. Hooker estimated the actual

cash value of the dwelling loss and contents loss to be a total of three thousand eight hundred twenty-six dollars and sixteen cents [$3,826.16].

14. Plaintiffs filed a complaint against FIDELITY with the Texas Department of Insurance concerning FIDELITY's low actual cash value estimate of the losses Plaintiffs suffered.

15. In response to an inquiry of FIDELITY's low estimate by the Texas Department of Insurance, FIDELITY alleged its estimate of Plaintiffs' losses stemmed from Plaintiffs' dwelling being an elevated structure with a lower enclosure, thus most of the damage suffered by the lower enclosure and its contents was not covered under the Fidelity Policy.[3] Plaintiffs contend their dwelling was misclassified as it has been certified a non-elevated structure.[4]

16. On July 30, 2009, Plaintiffs submitted a revised proof of loss[5] (Claim no. 08-0015406) and a letter demanding payment[6] to FIDELITY wherein Plaintiffs claimed a total loss of one hundred seventy-four thousand fourteen dollars and twenty-one cents [$174,014.21] related to flood damage to Plaintiffs' dwelling and its contents. Plaintiffs submitted additional documentation to support the demand for payment including an estimate of dwelling and contents damage and pictorial documentation of the damage to the dwelling and its contents.

---

[3] *See* Plaintiffs' Exhibit A, "FIDELITY Letter to Texas Department of Insurance" dated April 3, 2009.
[4] *See* Plaintiffs' Exhibit B, "Elevation Certificate."
[5] *See* Plaintiffs' Exhibit C, "Proof of Loss" dated July 29, 2009.
[6] *See* Plaintiffs' Exhibit D, "Demand Letter" dated July 30, 2009.

17. On October 21, 2009, FIDELITY sent a letter to Plaintiffs denying Plaintiffs' claim[7] and a revised proof of loss showing FIDELITY's estimate of the actual cash value of Plaintiffs' dwelling and contents losses to be four thousand five hundred seventy-two dollars and fifty-seven cents [$4,572.57].

18. On December 2, 2009, Plaintiffs submitted a demand letter[8] and a proof of loss[9] to FIDELITY wherein Plaintiffs claimed a loss of four thousand five hundred seventy-two dollars and fifty-seven cents [$4,572.57], which represented the undisputed amount of dwelling and contents damages.

19. On December 11, 2009, FIDELITY issued payment to Plaintiffs for four thousand three hundred five dollars and thirty-eight cents [$4,305.38] as coverage for the dwelling loss, five hundred forty dollars and sixty-five cents [$540.65] as coverage for the recoverable depreciation on the dwelling, and two hundred sixty-seven dollars and nineteen cents [$267.19] as coverage for the contents loss.

20. Since Plaintiffs initiated the claims process, Plaintiffs have provided FIDELITY access to the insured property, have provided all requested and available information to FIDELITY that is available, have submitted a proof of loss, a revised proof of loss, and have otherwise properly discharged the obligation to cooperate with FIDELITY in its investigation and adjustment of the flood damage sustained by Plaintiffs.

---

[7] See Plaintiffs' Exhibit E, "FIDELITY's Denial of Claim Letter" dated October 21, 2009.
[8] See Plaintiffs' Exhibit F, "Demand Letter" dated December 3, 2009.
[9] See Plaintiffs' Exhibit G, "Proof of Loss" dated December 2, 2009.

21. Representatives of Plaintiffs and FIDELITY have discussed the claim and attempted to reach a resolution. To date, however, FIDELITY has refused to pay the full value of the losses incurred by Plaintiffs.

## COUNTS I & II – BREACH OF CONTRACT

22. Plaintiffs reassert and incorporate by reference each of the allegations contained in the foregoing paragraphs.

23. Plaintiffs and FIDELITY entered into a valid binding contract for flood insurance. FIDELITY agreed to pay Plaintiffs up to one hundred fifty-eight thousand dollars [$158,000.00] for the dwelling on Plaintiffs' property and ninety-four thousand eight hundred dollars [$94,800.00] for the contents of the dwelling due to damages caused by flooding. Plaintiffs agreed to and did pay a premium in consideration for the insurance contract.

24. Plaintiffs have performed all conditions precedent under the Fidelity Policy, including submitting a signed and notarized revised proof of loss.[10]

25. FIDELITY breached its contract with Plaintiffs by classifying Plaintiffs' dwelling as an elevated structure despite the dwelling being certified as a non-elevated structure. (Count I) FIDELITY also breached its contract with Plaintiffs

---

[10] *See* Plaintiffs' Exhibit B, "Proof of Loss" dated July 29, 2009.

when FIDELITY failed to properly adjust and pay Plaintiffs for the full extent of the flood damage to the insured dwelling and contents. (Count II)

26. Plaintiffs' breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

27. Plaintiffs are entitled to damages which will compensate for the full extent of the loss at replacement cost value, as provided for by the Fidelity Policy, and for all incidental and consequential damages which Plaintiffs have suffered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon judgment hereof, Plaintiffs have and recover against Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, sums for breach of contract, as Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claim. Plaintiffs further request the award of reasonable attorney's fees as allowed by law, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Dated: May 20, 2010

Respectfully submitted,

By /s/ *Cliff Wilkerson*
Cliff Wilkerson

Arguello, Hope & Associates

2313 Strand

Galveston, Texas 77550

(409) 497-4574 Telephone

(713) 583-6307 Facsimile

E-mail: Cliff@Simplyjustice.com

Louisiana Bar Roll no. 30977

Federal ID no. 1058780

**COUNSEL FOR PLAINTIFFS**

**MANUEL AND SORINA GARZA**